UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH DARNELL FAIR,<br><br>                              Plaintiff,<br><br>             -against-<br><br>JANET YELLEN, U.S. SECRETARY OF TREASURY,<br><br>                              Defendant. | 22-CV-9255 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently civilly committed and confined in a Secure Treatment and Rehabilitation Center (STARC-Oakview) in Oneida County, New York, brings this action *pro se*. Plaintiff sues the United States Secretary of the Treasury, Janet Yellen, seeking payment based on documents that Plaintiff recorded with the Oneida County Clerk. By order dated October 28, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss a complaint brought IFP, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] By order dated January 29, 2016, then-Chief Judge Loretta A. Preska determined that Plaintiff was barred, under 28 U.S.C. § 1915(g), from bringing a new civil action IFP while a prisoner. Because Plaintiff currently is civilly detained and does not qualify as a prisoner for purposes of the IFP statute, 28 U.S.C. § 1915(h), the Section 1915(g) bar does not prevent him from proceeding IFP in this new civil action.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Keith Darnell Fair alleges that following in his complaint:

> I declare that I am a 'Private Citizen' under Section 1 of the 14th Amendment of the (organic) United States Constitution of America. I am the Real Beneficiary and Beneficial Owner of the all cap name KEITH DARNELL FAIR and now Private Business Trust of Record. I am invoking the rules of equity and the Chancery rules, and I am reserving my 5th Amendment due process of law at the federal level as a private citizen, which is a civilian due process. . . .
>
> The plaintiff(s) Trust Records are attached to show I am who I say I am or show cause why I am not. . . . These are Trust Records being attached as Trust Records and as shown in the 'Bill in Equity.' My status being that of a 'Private Citizen' under Section 1 of the 14th Amendment of the (organic) United States Constitution of America.

(ECF 2 at 5-6.)

The Secretary of the U.S. Treasury is the sole defendant in this matter, and Plaintiff appears to assert that Defendant owes him money based on Plaintiff's having recorded certain documents. Plaintiff contends that "Due Process has been denied. The defendant/co-trustee did not make the payment after I made the conveyance." (*Id.* at 6.)

Plaintiff also contends that:

> I am the only beneficial owner with a perfected deed and case; and the trustee is guilty of fraud and breach of their fiduciary duties as trustees to manage and make the necessary payments, which they did not. Violation of contractual agreement through their oath of office.

(*Id.* at 2.)

**DISCUSSION**

Plaintiff contends that he is entitled to payment from the U.S. Treasury based on documents that he recorded with the registrar in Oneida County. Plaintiff's claims draw on theories similar to those furthered in other cases that courts have already determined to be frivolous. *See, e.g.*, *Dickinson v. Granade*, No. CA 16-0153, 2016 WL 3647181, at *2 (S.D. Ala. June 1, 2016) (dismissing as frivolous claim that "purport[s] to accomplish . . . . a "conversion back" to [plaintiff's] former status as a private citizen of the United States . . . in accordance with § 1 of the 14th Amendment to the United States Constitution—Declaration of Private Citizen Status, [and] a declaration that he is the 'beneficiary of the Constitution of the United States, and the cestui que of the private business trust created by the State of California . . . under the name DAVID LEE DICKINSON' and that he currently holds 100% beneficial and equitable interest in his criminal case because it (the criminal case) is "trust res of the said private business trust"), *report and recommendation adopted*, No. CA 16-0153-KD-C, 2016 WL 3637093 (S.D. Ala. June 30, 2016); *see also Moorish Sci. Temple of Am. 4th & 5th Generation v. Superior Ct. of New Jersey*, No. CIV. 11-7418 (RBK), 2012 WL 123405, at *2 (D.N.J. Jan. 12, 2012).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims lack a factual predicate and there is no legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Similar claims repeatedly have been rejected as frivolous, and the Court reaches the same conclusion here. Accordingly, the Court dismisses this action. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The defects in Plaintiff's complaint cannot be cured with an amendment, and the Court therefore

declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   November 7, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge